IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAKISA SHELTON | : | NO.  08-442-5 |

**MEMORANDUM AND ORDER**

**Gene E.K. Pratter, J.**                                                                                              February 13, 2009

Visitors to Valley Forge National Historical Park experienced cold 21st century man-made realities according to the grand jury that has charged five defendants with stealing and using credit cards left in parked cars while the visitors contemplated nature's harsh conditions and challenges faced by General George Washington and his soldiers almost 225 years ago. Specifically, the grand jury indicted the five as conspirators who drove through the Park in rented vehicles, identified unattended cars and took from the cars any credit cards that may have been left in the cars. The co-conspirators promptly commenced shopping. All told, the co-conspirators allegedly purchased just under $30,000 worth of merchandise using the stolen credit cards.

Sakisa Shelton, one of the defendants named by the grand jury as being part of this ring of thieves who violated 18 U.S.C. § 1029(a)(5) and (b), moves pursuant to Rule 14 of the Federal Rules of Criminal Procedure to sever her trial from that of her co-defendants. The upshot of Ms. Shelton's argument is that because the lion's share of the allegations and evidence relates to her co-defendants, Ms. Shelton fears being tarred by the same broad strokes that the Government will

presumably use to pursue guilty verdicts for the others. The Government opposes the severance motion. The Court concludes, for the reasons summarized below, that Ms. Shelton has not met her burden to show that she would be deprived of a fair trial unless severed from the trial of her co-defendants, and, in the exercise of the Court's discretion, denies the motion.

**DISCUSSION**

Ms. Shelton and four others were indicted on charges of conspiracy to commit credit card fraud, credit card fraud and aggravated identity theft. Among the five defendants, based upon a reading of the indictment, Ms. Shelton appears to be allegedly involved in the fewest events and related activities at issue. All five defendants are named as co-conspirators, with the indictment referring to nine days' worth of credit card thefts and fraudulent buying sprees.[1]

The general rule, especially in conspiracy cases, is that persons jointly indicted should be tried together. Zafiro v. United States, 506 U.S. 534 (1993); United States v. Jimenez, 513 F.3d 62, 82 (3d Cir. 1008); United States v. Sebetich, 776 F.2d 412, 427 (3d Cir. 1985). The trial court has wide discretion in ruling on a motion to sever trials of defendants who have been properly joined. United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001); United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981). Ms. Shelton does not attack her joinder in the first instance.

The Court can see from the indictment here that Ms. Shelton may well be implicated in

---

[1] Ms. Shelton is named in Counts 1, 8 and 11 of the indictment, each of which counts concerns the same events of November 18, 2006, during which Ms. Shelton and co-defendant Daniel Duncan allegedly made certain credit card purchases using a stolen credit card and then driving away from the stores in a car leased in Ms. Shelton's name.

fewer of the overt acts alleged in this conspiracy. Ms. Shelton may indeed be concerned that there is a risk that evidence introduced at trial against her co-defendants could "spill over" against her.[2] However, this theoretical and imprecise concern falls far short of meeting a moving defendant's burden to demonstrate that a joint trial will result in a specific and compelling prejudice to the conduct of the movant's defense. Reicherter, at 400; United States v. Boscia, 573 F.2d 827, 833 (3d Cir. 1978). A propos of Ms. Shelton's sole grounds for her severance motion, our court of appeals has ruled that a defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than that against the movant. United States v. Urban, 404 F.3d 754, 776 (3d Cir. 2005).

Accordingly, this case presents no appropriately compelling reasons for the Court to depart from the conventional respect for the interests of justice and society in conserving the resources called upon to render to each defendant and to the people of the United States a fair trial by conducting a joint trial for all the defendants named in the pending matter.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[2]The Court reminds Ms. Shelton that as an accepted guard against such "spill over" concerns, the jury will be carefully admonished that each defendant must be judged separately on the basis of evidence pertinent to that defendant, and that each count presented for the jury's consideration must be weighed independently.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAKISA SHELTON | : | NO. 08-442-5 |

**O R D E R**

AND NOW, this 13th day of February, 2009, upon consideration of the motion of Sakisa Shelton to sever her trial from that of her co-defendants (Docket No. 56) and the Government's opposition thereto (Docket No. 64), it is hereby **ORDERED** that the Motion is **DENIED**.[3]

                                                                          BY THE COURT:


                                                                          S/Gene E.K. Pratter
                                                                          GENE E.K. PRATTER
                                                                          United States District Judge

---

[3]In the same document, Ms. Shelton also moved to join the pretrial motions of other defendants. Ms. Shelton may do so.